# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:05CR60-1 |
| vs. | § | |
| | § | |
| | § | |
| RONALD EUGENE CHAMBERLAIN | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Ronald Eugene Chamberlain's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 2 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Possession of a Firearm During a Drug Trafficking Crime, Defendant was sentenced on March 9, 2006, by the Honorable Leonard Davis, United States District Judge, to 120 months of imprisonment to be followed by 5 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on December 29, 2014.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on July 22, 2016, United States Probation Officer Jason Stewart alleges that Defendant violated the

1

conditions of his supervised release that state: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (3) the defendant shall notify the probation officer ten days prior to any change of residence or employment; and (4) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

More specifically, it is alleged that Defendant was arrested on September 8, 2015 in Cherokee County, Texas for the offense of Assault Family Violence Impeding Breath Section 22.01(b)(2)(B) F-3. Bail was posted on October 30, 2015. On January 20, 2016, the Cherokee County District Attorney's Office modified the charge to Assault Family Violence Impeding Breath Section 22.01(b)(2)(B) F-1. Defendant was arrested on the active warrant on February 22, 2016 and was released on conditions of bond.

Next, the petition alleges that Defendant failed to submit a written monthly report form within the first five days of each month for the months of April 2016, May 2016, June 2016 and July 2016. Defendant failed to notify his probation officer of his change of residence on July 1, 2016. Finally, the petition alleges that Defendant failed to notify the U.S. Probation Department within seventy-two hours of being arrested or questioned by law enforcement on September 8, 2015.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be

revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant possessed a controlled substance in violation of his conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum sentence the Court may impose is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Family Violence Impeding Breath Section 22.01(b)(2)(B) as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to submit a report, failing to notify the probation officer of a change of residence and failing to notify the probation officer of contact with law enforcement as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the applicable guideline range for a Grade C violation is 8 to 14 months of imprisonment. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On September 14, 2016, Defendant appeared for a final revocation hearing. Defendant's counsel, Assistant Federal Defender Ken Hawk, announced that Defendant and Assistant United States Attorney Jim Noble reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Ft. Worth.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 12 months and 1 day of imprisonment with no

further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

So ORDERED and SIGNED this 14th day of September, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE